1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELVIN STOHS,

          Petitioner,

   v.

JEFFERY UTTECHT,

          Respondent.

Case No. C07-5319RJB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**October 26, 2007**

     This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and Local Rules MJR 3 and 4.  Respondent has

filed a motion to dismiss in lieu of an answer and shows this petition to be several years time barred

(Dkt. # 13).  Petitioner has not responded to the motion.

     The court recommends the petition be **DISMISSED WITH PREJUDICE AS TIME**

**BARRED.**

PROCEDURAL FACTS

     In 1989, Petitioner was convicted in Kitsap County of one count of aggravated first degree

REPORT AND RECOMMENDATION- 1

1   murder.  He was sentenced to life without the possibility of parole (Dkt. # 13, page 1).  He filed a

2   direct appeal which was denied February 15, 1991, (Dkt. # 13, page 3).  Petitioner moved for

3   discretionary review and review was denied June 4, 1991, (Dkt # 13, exhibit 5).

4            Just over fourteen years later, on January 20, 2006,  petitioner filed a Personal Restraint

5   Petition.  The Washington State Court of Appeals dismissed the petition as untimely on October 13,

6   2006, (Dtk # 13, Exhibit 9).  A motion for discretionary review was denied January 10, 2007, (Dkt.

7   # 13, exhibit 11).

8                                         EVIDENTIARY HEARING

9            If a habeas applicant has failed to develop the factual basis for a claim in state court, an

10  evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional

11  law, made retroactive to cases on collateral review by the Supreme Court that was previously

12  unavailable, or there is (2) a factual predicate that could not have been previously discovered

13  through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to

14  establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder

15  would have found the applicant guilty of the underlying offense.  28 U.S.C. §2254(e)(2) (1996).

16  Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set

17  forth any factual basis for his claims that could not have been previously discovered by due

18  diligence.  Finally, the facts underlying petitioner's claims are insufficient to establish that no rational

19  fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an

20  evidentiary hearing.

21                                               STANDARD

22            Federal courts may intervene in the state judicial process only to correct wrongs of a

23  constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 is explicit in that a

24  federal court may entertain an application for writ of habeas corpus "only on the ground that [the

25  petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28

26  U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus

27  relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris,

28  REPORT AND RECOMMENDATION- 2

1   465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

2       Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated

3   on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was

4   contrary to, or involved an unreasonable application of, clearly established federal law, as

5   determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable

6   determination of the facts in light of the evidence presented to the state courts.  28 U.S.C.

7   §2254(d).   A determination of a factual issue by a state court shall be presumed correct, and the

8   applicant has the burden of rebutting the presumption of correctness by clear and convincing

9   evidence.  28 U.S.C. §2254(e)(1).

10                                          DISCUSSION

11          One Year Statute of Limitations.

12          A one year statute of limitations was imposed under the1996 amendments to 28 U.S.C. §

13   2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death

14   Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

15          (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus
                    by a person in custody pursuant to the judgment of a State court.  The limitation
16                  period shall run from the latest of-

17                  (A)     the date on which the judgment became final by conclusion of direct review
                            or the expiration of the time for seeking such review;
18
                    (B)     the date on which the impediment to filing an application created by State
19                          action in violation of the constitution or laws of the United States is
                            removed, if the applicant was prevented from filing by such State action;
20
                    (C)     the date on which the factual predicate of the claim or claims presented could
21                          have been discovered through the exercise of due diligence.

22          (2)     The time during which a properly filed application for State post-conviction or other
                    collateral review with respect to the pertinent judgment or claim is pending shall not
23                  be counted toward any period of limitation under this subsection.

24          Petitioner was convicted before the 1996 amendments to 28 U.S.C. § 2244 (d).  The one

25   year time frame for filing a Federal Habeas Corpus petition in his case began April 24, 1996, and ran

26   until April 25, 1997.  Petitioner filed no challenge to his petition in state court during this time frame

27   that would have tolled the running of the one year time frame.  This petition is time barred and

28   REPORT AND RECOMMENDATION- 3

1  should be **DISMISSED WITH PREJUDICE.**

2                                                   CONCLUSION

3          This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH**

4  **PREJUDICE.**

5          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure,

6  the parties shall have ten (10) days from service of this Report to file written objections.  *See also*

7  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes

8  of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

9  72(b), the clerk is directed to set the matter for consideration on **October 26, 2007**, as noted in the

10  caption.

11

12          Dated this 1 day of October, 2007.

13

14                                          */S/ J. Kelley Arnold*
                                            J. Kelley Arnold
15                                          United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28  REPORT AND RECOMMENDATION- 4