UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELVIN STOHS,<br><br>         Petitioner,<br><br>     v.<br><br>JEFFREY UTTECHT,<br><br>         Respondent. | Case No.  C07-5319<br><br>ORDER DENYING<br>CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on the Petitioner's Notice of Appeal.  Dkt. 21.  The Court must consider whether to grant or deny the petitioner a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c)(3).  The Court has reviewed the record herein.

## I.     PROCEDURAL HISTORY AND BACKGROUND

On October 2, 2007, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, concluding that petitioner's habeas claims were time barred and that the petition should be dismissed.  Dkt. 15.  On November 5, 2007, the Court adopted the Report and Recommendation and dismissed the petition.  Dkt. 18.  Petitioner has now appealed to the U.S. Court of Appeals for the Ninth Circuit.

## II.     DISCUSSION

### A.     STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that

ORDER
Page - 1

reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack* at 1604.

### B.    CERTIFICATE OF APPEALABILITY

This Court dismissed the petition as time barred based on 28 U.S.C. § 2244(d), and so the matter was dismissed on procedural grounds. Dkt 18. There is nothing in the record that would support the conclusion that a jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether this court was correct in its procedural ruling. *Slack* at 1604.

Petitioner was convicted in May of 1989 of one count of aggravated first degree murder. Dkt. 13-2, at 2. Petitioner filed a direct appeal, which was denied. *Id.*, at 18-27. His motion for discretionary review was denied on June 4, 1991. Dkt. 13-4, at 2. On January 20, 2006, Petitioner filed a Personal Restraint Petition with the Washington State Court of Appeals. Dkt. 13-4, at 4. The Washington Court of Appeals denied his Petition as time barred. Dkt. 13-4, at 40. Discretionary review of that Personal Restraint Petition was denied on January 10, 2007. *Id.*, at 56. Petitioner then filed this petition.

As stated in the Report and Recommendation, Petitioner's one year period of time for filing his petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") ran until April 25, 1997. *Caldron v. United States Dist. Court for the Cent. Dist. of Cal.,* 128 F.3d 1283, 1287 (9th Cir. 1997)(holding that for petitioners whose state court judgments became final prior to April 24, 1996, the one year time period began running on the date AEDPA was signed into law and expired on April 25, 1997 ).

Petitioner now argues that his case is subject to equitable tolling because the state failed to tell him he had one year to collaterally attack his judgment pursuant to RCW 10.73.110 and RCW 10.73.120. Dkt. 25, at 3. Petitioner fails to cite any authority as to how this statute applies to his federal petition.

Moreover, he failed to raise this issue in the state court.  The Certificate of Appealability should be denied.

### III.  ORDER

Accordingly, it is hereby **ORDERED** that the Petitioner's Certificate of Appealability is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of December, 2007.

ROBERT J. BRYAN
United States District Judge